Jesse C. Trentadue (#4961)
175 South West Temple, Suite 700
Salt Lake City, UT 84101-1480
Telephone: (801) 532-7300

FILED
11 APR 03 PM 12: 21
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

*Pro Se Plaintiff*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JESSE C. TRENTADUE, | |
| Plaintiff, | **COMPLAINT** |
| vs. | Case No: 2:03CV-0339 TS |
| PRESIDENT'S COUNCIL ON INTEGRITY AND EFFICIENCY and the INTEGRITY COMMITTEE, a subdivision of the President's Council on Integrity and Efficiency, | Judge: _____ |
| Defendants. | |

By way of *Complaint*, under the *Freedom of Information Act*, 5 U.S.C. § 552 (hereinafter "*FOIA*"), Plaintiff alleges and complains against both the President's Council on Integrity and Efficiency and the Integrity Committee of the President's Council on Integrity and Efficiency as follows:

## PARTIES

1.      Plaintiff is a citizen of the United States and a resident of Salt Lake County, Utah.

2. Defendant, President's Council on Integrity and Efficiency was created by *Executive Order 12993* and it is charged with the responsibility of investigating corruption and other wrongful acts by Inspectors General. The President's Council on Integrity and Efficiency is an agency of the Executive Branch of the United States of American so as to be subject to *FOIA* and a proper party within in the meaning of 5 *U.S.C.* § § 702 and 703.

3. Defendant Integrity Committee is a subdivision of the President's Council on Integrity and Efficiency created pursuant to *Executive Order 12805*. The Integrity Committee is charged with reviewing allegations of wrongdoing by Inspectors General or their staff and it too is an agency of the Executive Branch of the United States of America subject to *FOIA*, as well a proper party within the meaning of 5 *U.S.C.* § § 702 and 703.

## JURISDICTION AND VENUE

4 This Court's jurisdiction over this matter arises under 5 *U.S.C.* § 552(a)(4)(B); the *First* and *Fifth Amendments* to the *Constitution of the United States*; the *Administrative Procedure Act*, 5 *U.S.C.* § § 701 *et seq.*; 28 *U.S.C.* § 1331; and the equitable powers inherent in Courts of the United States of America.

5. Venue lies with this Court pursuant to 5 *U.S.C.* § 552(a)(4)(B) and *28 U.S.C.* § 1391(e).

## GENERAL ALLEGATIONS

6. Plaintiff filed a formal *Complaint* with the President's Council on Integrity and Efficiency accusing the United States Department of Justice Inspector General, Glenn A. Fine, and several members of his staff of wrongdoing, including misprision of felonies, subornation of purgery

and other criminal acts. That *Complaint* was assigned Case No. 349 and referred by the President's Council on Integrity and Efficiency to the Integrity Committee for investigation. A copy of that *Complaint* is attached hereto as Exhibit A and incorporated by reference.

7. Plaintiff was informed by the President's Council on Integrity and Efficiency that he had the burden of proof with respect to the charges brought against Inspector General Fine and several of his staff members. Because he had the burden of proof, Plaintiff made numerous requests to the President's Council on Integrity and Efficiency and the Integrity Committee to be advised of any evidence or other matters submitted by Inspector General Fine and/or his staff in defense of the charges and that Plaintiff be allowed an opportunity to rebut such evidence.

8. On September 4, 2001, for example, Plaintiff wrote to Ruben Garcia, Jr., then Chairman of the Integrity Committee stating:

> [I]n order to effectively carry out our assigned duties as prosecutor, we will need to have access to Mr. Fine's response to our charges. Because we have the burden of prosecution, the Fifth Amendment of the United States Constitution guarantees us the opportunity to reply to Fine's denials. That reply is not possible unless we know what Fine and his staff put forward by way of defense. **Consequently, when will we receive a copy of Fine's response(s) to our charges?**

Plaintiff never received any response to that letter or any of his other requests for an opportunity to review and respond to materials Fine and staff members submitted in response to the charges.

9. On February 7, 2003, Plaintiff wrote to Associate General Counsel for the Integrity Committee, Vince Salamone, requesting a status report on his *Complaint* against Fine and members of Fine's staff. In that letter, Plaintiff addressed the following question to Mr. Salamone:

> [H]ave our charges been presented to Inspector General Fine and his staff and have they responded? If so, are we entitled to see that response and to submit rebuttal?

A copy of that letter is attached hereto as Exhibit B and incorporated by reference.

10. On February 12, 2003, Plaintiff received a letter from Amy L. Comstock, Acting Chair of the Integrity Committee, which letter was back dated November 26, 2002, informing him that :

> Based on our review of your allegations and information provided by the Department of Justice, Office of the Inspector General, we have determined that the allegations made by you against IG Fine and members of his staff do not warrant further action by the IC. Accordingly, the IC is closing this matter.

A copy of that back dated November 26, 2002, letter is attached hereto as Exhibit C and incorporated by reference.

11. On February 13, 2003, Plaintiff submitted a formal *FOIA* request to Defendants asking for the following materials:

    (a)    The Integrity Committee's ruling or decision in Case No. 349;

    (b)    Copies of all documents, records, recordings, or other materials submitted by the Department of Justice or Office of the Inspector General with respect to Case No. 349;

    (c)    Copies of all correspondence, documents or other materials which either the President's Council on Integrity and Efficiency or Integrity Committee gave, sent or delivered to the Department of Justice, Office of Inspector General concerning Case No. 349; and

    (d)    A copy of any log entry or other record which indicates the date on which the November 26, 2002, letter was posted or mailed to Plaintiff.

A copy of that *FOIA* request is attached hereto as Exhibit D and incorporated by reference.

12. On March 28, 2003, Plaintiff received a letter from Acting Chairman Comstock denying his February 13, 2003, *FOIA* request. A copy of that March 28, 2003, letter is attached hereto as Exhibit E and incorporated by reference.

13. On February 14, 2003, Plaintiff sent a second *FOIA* request to Defendants asking for the following materials:

    (a) Copies of all documents which show, reflect or refer to any action taken by the Integrity Committee with respect to the charges brought by Plaintiff against Inspector General Fine and/or his staff;

    (b) All documents which relate, refer to or show the identify of the Integrity Committee members voting on Case No. 349.

    (c) Minutes kept by the Integrity Committee on Case No. 349; and

    (d) Reports, recommendations, summaries, briefs and other documents containing a summary of the claims and/or defenses or recommendations prepared by employees or staff members of the President's Council on Integrity and Efficiency or the Integrity Committee.

A copy of that February 14, 2003, *FOIA* request is attached hereto as Exhibit F and incorporated by reference.

14. On April 2, 2003, the Acting Chairman of the Integrity Committee denied Plaintiff's February 14, 2003, *FOIA* request. A copy of that April 2, 2003, letter is attached hereto as Exhibit G and incorporated by reference.

## FIRST CAUSE OF ACTION
### (Refusal to Produce Documents)

15. Plaintiff hereby incorporates by reference the allegations set forth in Paragraphs 1 through 14 above.

16. Plaintiff has a statutory right to the documents and records requested in his *FOIA* requests of February 13 and February 14, 2003.

17. Defendants have possession and control of the documents and records requested by Plaintiff. Pursuant to *FOIA*, Defendants have a statutory duty to produce those documents and records to Plaintiff but have breached and continue to breach that duty.

18. Defendants have no legal basis to withhold the documents and records requested by Plaintiff, yet they have unlawfully denied and continue to unlawfully deny Plaintiff access to these documents and records. A direct and proximate result of such denial, Plaintiff has suffered and continues to suffer grave and irreparable injury.

19. Because there is no administrative appeal from the unlawful decisions of the President's Council on Integrity and Efficiency and Integrity Committee with respect to production of the documents and records in question, Plaintiff is entitled to seek judicial review pursuant to 5 *U.S.C.* § 552 (a)(4)(B). Under these circumstances, Plaintiff is clearly entitled to judicial relief in this Court.

## PRAYER

Wherefore, Plaintiff respectfully requests this Court for judgment as follows:

1. For an expedited proceeding in accordance with 5 *U.S.C.* § 552(a)(4)(D);

2.     For an *Order* permanently enjoining Defendants and each of them from withholding the documents and records which Plaintiff has requested under *FOIA* and further requiring Defendants to produce all such documents and records immediately;

3.     For an *Order* awarding Plaintiff his costs, disbursements and reasonable attorney's fees pursuant to 5 *U.S.C.* § 552(a)(4)(E); and

4.     For an *Order* awarding Plaintiff such other and further relief as may be equitable, just and proper under the circumstances.

DATED this 10th day of April, 2003.

Jesse C. Trentadue
*Pro Se Plaintiff*

Plaintiff's Address:

175 South West Temple #700
Salt Lake City, UT 84101
Telephone: (801) 532-7300

G:\6201\1\FOIA Appeal\COMPLAINT.wpd