IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JESSE C. TRENTADUE, Plaintiff, | MEMORANDUM DECISION AND ORDER ON FREEDOM OF INFORMATION ACT EXEMPTIONS |
| vs. | |
| INTEGRITY COMMITTEE, a division of the President's Council on Integrity and Efficiency, Defendant. | Case No. 2:03-CV-339 TS |

This matter is before the Court on a limited remand from the Tenth Circuit Court of Appeals. The sole purpose of this remand is to allow the Court to make additional findings and conclusions as to whether Record Nos. 3, 4, and 6 of the Vaughn Index should be withheld under Freedom of Information Act ("FOIA") exemptions 5,[1] 6,[2] and 7(C).[3]

This Court previously granted the Integrity Committee ("IC") summary judgment, finding that Inspector General ("IG") Fine's submission was properly withheld under exemption

---

[1] 5 U.S.C. § 552(b)(5).

[2] *Id*. § 552(b)(6).

[3] *Id*. § 552(b)(7)(C).

1

7(A).  The Court did not decide whether the documents could also be withheld under exemptions 5, 6, and 7(C).  On appeal, the IC informed the Tenth Circuit that exemption 7(A) no longer applied because the law enforcement investigation upon which its exemption claim was asserted had been terminated.  As a result, this case was remanded to this Court to make a determination as to the applicability of exemptions 5, 6, and 7(C).

The Court heard oral argument on this matter on April 27, 2006.  Having considered the Vaughn Index *in camera*, the materials submitted by the parties, the arguments of counsel, and being otherwise fully informed, the Court finds that the documents in question may be properly withheld under FOIA exemptions 5, 6, and 7(C).

## I.  FOIA EXEMPTIONS

"FOIA facilitates public access to Government documents."[4]  "A strong presumption exists in favor of disclosure under FOIA and the Government bears the burden of justifying the withholding of any requested documents."[5]  The agency's judgment to withhold documents must be reasonable, plausible, and made in good faith.[6]

"Public access to Government information is not, however, 'all-encompassing.'  Access is permitted 'only to information that sheds light upon the government's performance of its duties.'"[7]  "FOIA contains nine exemptions which, if applicable, preclude disclosure of certain

---

[4]*Forest Guardians v. United States Fed. Emergency Mgmt. Agency*, 410 F.3d 1214, 1217 (10th Cir. 2005).

[5]*Id*.

[6]*Gardels v. Central Intelligence Agency*, 689 F.2d 1100, 1105 (D.C. Cir. 1982).

[7]*Forest Guardians*, 410 F.3d at 1217 (quoting *Sheet Metal Workers Int'l Ass'n v. United States Air Force*, 63 F.3d 994, 996 (10th Cir. 1995) (internal citation omitted)).

types of information."[8]  Three of those exemptions are at issue here: exemptions 5, 6, and 7(C).

These exemptions will be discussed separately below.

A.      EXEMPTION 5

Section 552(b)(5) provides that FOIA's disclosure requirements do not apply to "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."[9]  "One class of memoranda shielded by exemption five includes 'agency reports and working papers subject to the 'executive' privilege for predecisional deliberations.'"[10]  The so-called "deliberative process" privilege "covers 'documents reflecting advisory opinions, recommendations and deliberations compromising part of a process by which governmental decisions and policies are formulated.'"[11]

In order to come within the scope of the deliberative process privilege, documents must be both predecisional and deliberative.[12]  Courts "distinguish between predecisional memoranda prepared in order to assist an agency decisionmaker in arriving at his decision, which are exempt from disclosure, and post decisional memoranda setting forth the reasons for an agency decision

---

[8]*Id.*

[9]5 U.S.C. § 552(b)(5).

[10]*Casad v. United States Dept. of Health and Human Servs.*, 301 F.3d 1247, 1251 (10th Cir. 2002) (quoting *Fed. Open Mkt. Comm. of Fed. Reserve Sys. v. Merrill*, 443 U.S. 340, 353 (1979)).

[11]*Dept. of the Interior and Bureau of Indian Affairs v. Klammath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (quoting *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975) (internal quotation marks omitted)).

[12]*Mapother v. Dept. of Justice*, 3 F.3d 1533, 1537 (D.C. Cir. 1993).

3

already made, which are not."[13]  The documents in question here are clearly predecisional.  The harder question is whether they are deliberative.

"The deliberative process privilege rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news, and its object is to enhance the quality of agency decisions, by protecting open and frank discussion among those who make them within the Government."[14]  The Supreme Court has stated that "the ultimate purpose of this long-recognized privilege is to prevent injury to the quality of agency decisions."[15]  The Court recognized that "[t]he quality of a particular agency decision will clearly be affected by the communications received by the decisionmaker on the subject of the decision prior to the time the decision is made."[16]

Applying these principals to the documents in question (which, as previously noted, the Court has reviewed *in camera*) the Court finds that each of these documents falls within exemption 5.  Record No. 3 consists of a letter written by IG Fine to the IC.[17]  This letter contains IG Fine's opinions and recommendations concerning the IC's investigation.  Disclosure of Record No. 3 would be contrary to the underlying purpose of exemption 5.  Its disclosure would

---

[13]*Renegotiation Bd. v. Grumman Aircraft Eng'g Corp.*, 421 U.S. 168, 184 (1975).

[14]*Klammath*, 532 U.S. at 8–9 (internal quotation marks and citations omitted).

[15]*Sears*, 421 U.S. at 151.

[16]*Id*.

[17]The Integrity Committee is not an adjudicatory body, rather it "is intended only to promote the internal management of the executive branch and is not intended to create any right or benefit, substantive or procedural, enforceable at law by a party against the United States, its agencies, its officers, or any person."  Exec. Order No. 12993, 1996 WL 133272 (Mar. 21, 1996).

4

not promote open and frank discussion among those who make decisions within the government. Rather, disclosure would have a chilling effect on such discussions.

The Supreme Court in *Sears* stated that "the frank discussion of legal or policy matters in writing might be inhibited if the discussion were made public; and that the decisions and policies formulated would be the poorer as a result."[18]  The Court recognized that "'(h)uman experience teaches that those who expect public dissemination of their remarks may well temper candor with a concern for appearances . . . to the detriment of the decisionmaking process.'"[19]  This Court, like the Court in *Sears*, recognizes that if every response to requests of the IC was going to be available to the public, it would seriously affect the quality of the deliberative process.  If that were the case, every response would be affected, to one degree or another, by the respondent's concern as to how the public would view the response.  This might result in less candor being reflected in the response, the language and content of the response being crafted for public consumption, and the possible exclusion of material that might be viewed by the public in a negative fashion or that might be deemed to be embarrassing if not given in the proper context. The Court, therefore, believes that if responses to requests from the IC are not protected, that the quality of the IC decision-making would be injured.  Thus, Record No. 3 is protected by exemption 5.

Record No. 6 consists of a replacement to a page in Record No. 3.  The same reasoning which protects Record No. 3 from disclosure applies equally to Record No. 6.  Therefore, exemption 5 applies to it as well.

---

[18]*Sears*, 421 U.S. at 150 (internal quotation marks and citations omitted).

[19]*Id*. at 150–51 (quoting *United States v. Nixon*, 418 U.S. 683, 704 (1974)).

Record No. 4, however, is a more difficult case.  Record No. 4 is IG Fine's substantive response to the IC.  It consists not only of IG Fine's opinions and recommendations, which are protected under the reasoning discussed above, but Record No. 4 also contains detailed responses to Plaintiff's allegations.  These responses consist of largely factual material.  The IC argues that this factual material still falls within the scope of the deliberative process privilege.

Exemption 5 protects "not only communications which are deliberative in nature, but all communications which, if revealed, would expose to public view the deliberative process of an agency."[20]  Thus, where  "disclosure of even purely factual material would reveal an agency's decision-making process Exemption (b)(5) applies."[21]

In making this determination, the Ninth Circuit has adopted a "process-oriented" or "functional" test.[22]  Under this approach, the analysis does "not turn or whether we label the contents of a document 'factual' as opposed to 'deliberative.'"[23]  Rather, the court "should focus on whether the document in question is a part of the *deliberative process*."[24]  "Hence, even if the content of a document is factual, if disclosure of the document would expose 'the decision-making process itself' to public scrutiny by revealing the agency's 'evaluation and analysis of the

---

[20]*Russell v. Dept. of the Air Force*, 682 F.2d 1045, 1048 (D.C. Cir. 1982).

[21]*Id*.

[22]*Nat'l Wildlife Federation v. United States Forest Service*, 861 F.2d 1114, 1119 (9th Cir. 1988).

[23]*Id*. at 1119.

[24]*Id*. at. 1118.

multitudinous facts,' the document would nonetheless be exempt from disclosure."[25]  The Ninth Circuit recognized that documents need not themselves be deliberative in order to qualify for the privilege.[26]  "'In some circumstances, even material that could be characterized as 'factual' would so expose the deliberative process that is must be covered by the [deliberative process] privilege.'"[27]  Thus, factual material will "be exempt from disclosure to the extent that they reveal the mental processes of decisionmakers."[28]

The Court agrees with the Ninth Circuit that the focus must be on whether the document itself is part of the deliberative process, not whether parts of the document are or are not "deliberative" in nature.  The Court rejects the contention that the Court should attempt to segregate materials from within the document that may be considered "deliberative" from those which are not, such as statements of fact.  The Court believes that if the author of a document knows that parts of the document may or may not be disclosed to the public depending on how the author parses his words, that it would undermine the quality of the author's response and would frustrate the purpose behind exemption 5.  Even if this approach is legally incorrect, the Court finds that in this case it cannot segregate the "factual" material from the "deliberative" materials contained in Record No. 4 because they are inextricably intertwined.

---

[25]*Id*. (quoting *Montrose Chemical Corp. of California v. Train*, 491 F.2d 63, 68 (D.C. Cir. 1974)).

[26]*Id*. at 1119.

[27]*Id*. (quoting *Wolfe v. Dept. of Health and Human Servs.*, 839 F.2d 768, 774 (D.C. Cir. 1988) (en banc)).

[28]*Id*.

Here, the Court finds that Record No. 4 is deliberative in nature.  Disclosure of Record No. 4 would reveal the IC's decision-making process.  Therefore, exemption 5 protects all of Record No. 4.  Further, as "[t]he core purpose of FOIA is . . . to contribute to the 'public understanding *of the operations or activities of the government*,'"[29] the Court finds that the specific documents in question would not contribute in any significant degree to the public's understanding of either the operations or activities of the government.  Thus, the Court finds that Record Nos. 3, 4, and 6 are protected by exemption 5 of FOIA.

B.    EXEMPTION 6

The IC argues that certain information contained in Record No. 4 is also protected by exemption 6.  Exemption 6 prohibits the disclosure of information in "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."[30]  "'Similar files' under Exemption 6 has a 'broad, rather than a narrow, meaning' and encompasses all information that 'applies to a particular individual.'"[31]

Courts "apply a balancing test to determine whether disclosure would constitute a clearly unwarranted invasion of personal privacy under Exemption 6."[32]  A court must balance the public interest in disclosure against the privacy interest Congress intended the exemption to protect.[33]

---

[29]*Forest Guardians*, 410 F.3d at 1218 (quoting *United States Dept. of Defense v. FLRA*, 510 U.S. 487, 495 (1994) (internal citation omitted)).

[30]5 U.S.C. § 552(b)(6).

[31]*Forest Guardians*, 410 F.3d at 1217 (quoting *United States Dept. of State v. Washington Post Co.*, 456 U.S. 595, 600–02 (1982)).

[32]*Id.*

[33]*Id.* at 1218.

"If there is an important public interest in the disclosure of information and the invasion of privacy is not substantial, the private interest in protecting the disclosure must yield to the superior public interest.  However, if the invasion of privacy is serious and there is little or no public interest involved, the information is exempt from disclosure."[34]

"The 'public interest' to be weighed in Exemption 6's balancing test is the extent to which disclosure would serve the 'core purpose' of FOIA."[35]  "The core purpose of FOIA is, of course, to contribute to the 'public understanding *of the operations or activities of the government*.'"[36] The purposes for which the request is made has no bearing on whether information must be disclosed under FOIA.[37]  "[W]hether an invasion of privacy is *warranted* cannot turn on the purpose for which the request for information is made."[38]  "Rather, the relevant inquiry is whether the requested information directly relates to and would facilitate the primary purpose of FOIA, which is to let citizens 'know what their government is up to.'"[39]

"The type of privacy interests Congress intended to protect under Exemption 6 'encompass[] the individual's control of information concerning his or her person.'"[40] "Such

---

[34]*Alirez v. NLRB*, 676 F.2d 423, 426–27 (10th Cir. 1982).

[35]*Forest Guardians*, 410 F.3d at 1218.

[36]*Id*. (quoting *United States Dept. of Defense v. FLRA*, 510 U.S. 487, 495 (1994) (internal citation omitted)).

[37]*Id*.

[38]*United States Dept. of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 771 (1989).

[39]*Forest Guardians*, 410 F.3d at 1218 (quoting *Sheet Metal*, 63 F.3d at 998 (internal quotation marks omitted)).

[40]*Id*. (quoting *FLRA*, 510 U.S. at 500).

private information includes, for example, an individual's name and home address."[41]  A greater privacy interest is required under exemption 6 than is required under exemption 7(C), discussed below.

There are three types of information which the IC has withheld from Record No. 4: (1) information withheld to protect the identities of mid- or lower-level law enforcement personnel who were not accused of misconduct; (2) information withheld to protect the identities of persons accused of misconduct; and (3) information withheld to protect the identities of non-law enforcement persons merely mentioned in IG Fine's substantive response (such as third-party witnesses or experts, private citizens, and prisoners).

Defendant argues that this information is properly withheld under exemption 6 for the same reasons that the information can be withheld under exemption 7(C).  As discussed below, there is a substantial privacy interest involved with each type of information withheld from IG Fine's substantive response.  These privacy interests must be weighed against the public's right to know what their government is up to.

As set out more fully below, there is little or no discernible public interest in two of these categories of information—information withheld to protect the identities of mid- or lower-level law enforcement personnel who were not accused of misconduct and information withheld to protect the identities of non-law enforcement persons merely mentioned in IG Fine's substantive response.  Therefore, the substantial privacy interest involved permits withholding this information.

---

[41]*Id.*

As for the third category of information—information withheld to protect the identities of persons accused of misconduct—any public interest in this information is clearly outweighed by the privacy interests at issue.  As will be discussed in more detail below, the privacy interest involved with this type of information is substantial.  As with the other two types of information, there is a minimal public interest in this type of information.  Therefore, this information is properly withheld from IG Fine's substantive response.

Even if this information cannot be withheld under the standard set forth for exemption 6, these items may be properly withheld under exemption 7(C), as discussed more fully below.

C.      EXEMPTION 7(C)

Exemption 7(C) prohibits the disclosure of "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy."  "Exemption 7(C) is analogous to exemption 6 . . . ."[42]  The Tenth Circuit has stated that exemption 7(C) calls for a similar balancing of competing interests as exemption 6, as set forth above.[43]  But "[e]xemption 7(C) provides greater protection from disclosure than exemption 6."[44]

It must first be determined whether the documents in question were complied for law enforcement purposes.  An Inspector General of a federal government agency engages in law

---

[42]*Alirez*, 676 F.2d at 426.

[43]*Id*. at 427.

[44]*Sheet Metal*, 63 F.3d at 996.

enforcement activities within the meaning of FOIA.[45]   In this case, IG Fine prepared Record No. 4 at the request of the Integrity Committee during the IC's investigation into the allegations made against IG Fine.   Therefore, the Court finds that Record No. 4 constitutes a record compiled for law enforcement purposes under exemption 7(C).

The Court must now turn to the issue of whether the documents in question should be withheld under exemption 7(C).   As noted above, the IC has withheld the following types of information from IG Fine's substantive response: (1) information withheld to protect the identities of mid- or lower-level law enforcement personnel who were not accused of misconduct; (2) information withheld to protect the identities of persons accused of misconduct; and (3) information withheld to protect the identities of non-law enforcement persons merely mentioned in IG Fine's substantive response (such as third-party witnesses or experts, private citizens, and prisoners).

The Court finds that each of these types of information are protected by exemption 7(C). The Tenth Circuit has held that "FBI agents and other federal law enforcement officials have a substantial privacy interest in concealing their identity."[46]   The Tenth Circuit has also held that non-federal law enforcement personnel have a similar interest.[47]   Further, the Tenth Circuit recognized that "[i]dentities of third parties interviewed and third parties whose names surface in

---

[45]*See Ortiz v. United States Dept. of Health and Human Servs.*, 70 F.3d 729, 732–33 (2d Cir. 1995); *Providence Journal Co. v. United States Dept. of the Army*, 981 F.2d 552, 563, n.13 (1st Cir. 1992); *Brandt Constr. Co. v. United States Envtl. Prot. Agency*, 778 F.2d 1258, 1265 (7th Cir. 1985); *New England Apple Council v. Donovan*, 725 F.2d 139, 143 (1st Cir. 1984).

[46]*Hale v. United States Dept. of Justice*, 973 F.2d 894, 902 (10th Cir. 1992) *vacated on other grounds*, 509 U.S. 918 (1993).

[47]*Id.*

a criminal investigation have been recognized as excludible under Exemption 7(C) in order to prevent embarrassment and harassment and to enable the FBI to gather the information it needs."[48]  As a result of this precedent, it is clear that there is a substantial privacy interest involved with each of the items of information withheld from Record No. 4.

Turning now to the public interest at issue here, the Court reiterates that it is not the reason the request was made which governs, rather it is whether disclosure would serve the core purpose of FOIA—letting the citizens know what the government is up to.[49]  Here, there is little or no public interest in the first and third categories of information withheld.  The names of these individuals would not assist the public in determining how the Integrity Committee operates.  Therefore, this information is properly withheld.

As for the second class of information—information withheld to protect the identities of persons accused of misconduct—these documents are also covered by exemption 7(C).  Courts have recognized that "individuals have substantial privacy interests in information that either confirms or suggests that they have been subject to criminal investigations or proceedings."[50]  As with the other types of information withheld, the public interest in the withheld information, as it relates to the core purpose of FOIA, is limited.  It is difficult to see how the names of those individuals who have been accused of misconduct will enhance the public's understanding of the activities of the IC.  Comparing this minimal public interest to the substantial privacy interest

---

[48]*Id.* at 901–02.

[49]*Forest Guardians*, 410 F.3d at 1218.

[50]*Massey v. Fed. Bureau of Investigation*, 3 F.3d 620, 624 (2d Cir. 1993).

involved, the Court finds that the second class of information withheld from Record No. 4 is properly withheld under exemption 7(C).

## II.  CONCLUSION AND ORDER

For the reasons stated above, the information contained in Record Nos. 3, 4 and 6 of the Vaughn Index are protected by FOIA exemptions 5, 6, and 7(C) and may be properly withheld under those exemptions.  The Clerk of the Court is directed to transmit this Order to the Tenth Circuit Court of Appeals.

DATED   May 2, 2006.

BY THE COURT:

TED STEWART
United States District Judge